UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLAMBEAU RIVER PAPERS, LLC,

    Plaintiff,

v.                                             Case No:  2:15-cv-779-FtM-38CM

TURBINE GENERATOR
MAINTENANCE, INC.,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Flambeau River Paper, LLC's ("Flambeau") Motion for Reconsideration of the December 14, 2015 Opinion and Order Issued by the United States District Court for the Western District of Wisconsin (Doc. #35) filed on December 17, 2015.  Defendant Turbine Generator Maintenance, Inc. ("TGM") filed a Response to Plaintiff's Motion for Reconsideration (Doc. #38) on December 24, 2015.  Flambeau's motion is thus ripe for review.

## **BACKGROUND**

This breach of contract suit arose after a business deal between Flambeau and TGM went south.  Flambeau operates a paper mill in Wisconsin, and TGM provides services related to inspecting, assessing, and repairing turbines in Florida.  Sometime before September 2014, Flambeau sought vendors to inspect and repair the turbine

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

generator at its mill.  TGM responded, visited the site, suggested solutions, and proposed a price for the work.  Flambeau made counter suggestions.  On September 18, 2014, Patrick McNaughton of TGM sent Mark Fischer of Flambeau a revised quote titled, "Unit #1 – 5.7 General Electric STG – Major Inspection – TGM Proposal No. WI18429 Rev. 2," that incorporated Flambeau's suggestions.  (Doc. #4-1 at 7-60).  McNaughton wrote, among other things, that

> [a] services agreement has been included as a part of this proposal package and includes the terms and conditions required for TGM to perform work at your site.
>
> A signed purchase order, or letter of intent, from your company will be required prior to TGM's mobilization and performance of the work.  The purchase order will need to reference this proposal number and the signed services agreement. Upon receipt of the signed purchase order, or letter of intent, a TGM Officer will sign the document and a copy will be returned to you for your records. . . .

(Doc. #4-1 at 12-13).  The revised proposal also included a technical narrative, work scope, division of responsibilities, general terms, time and material rate sheet, Service Agreement Terms and Conditions, and résumés of various TGM employees.  (Doc. #4-1 at 8, 14-67).

Pertinent here, the Service Agreement included a provision titled "Dispute Resolution," wherein the parties agreed to the exclusive jurisdiction of any court of the State of Florida or the United States District Court for the Southern District of Florida:

> [e]ach of the parties irrevocably submits to the exclusive jurisdiction of any court of the State of Florida or the United States District Court of the Southern District of Florida over any action, suit or proceeding relating to or arising out of this Agreement and the transactions contemplated hereby, including for purposes of interpreting or enforcing the arbitration provision above.  Each party hereby irrevocably waives any objections, including, without limitation, any objection to the laying of venue or based on the grounds of forum *non conveniens* which such party may now or hereafter have to the bringing of any arbitration or any proceeding in any such court.

(Doc. #4-1 at 42-43; Doc. #12-3 at 5-6).  Neither party signed the entire proposal package nor the Service Agreement.

On September 30, 2014, Dave Wagner, a Flambeau employee, wrote to tell McNaughton that Flambeau would accept TGM's proposal if TGM clarified several issues. (Doc. #16-2 at 2-3).  Apparently, Wagner was satisfied with the clarification because Flambeau sent TGM a signed purchase order on October 3, 2014, that covered the costs for the scope of work referenced in "Proposal No. WI8429 R2 dated 9/18/14."  (Doc. #15-3).  Although the purchase order did not reference a signed Service Agreement, TGM did not object to the omission then or afterwards.  Similarly, Flambeau did not object to the Service Agreement during negotiations nor when TGM sent the purchase order.

On October 24, 2014, TGM commenced work at Flambeau's mill, finishing about four months later.  But Flambeau found TGM's work to be substandard and refused to pay the full amount of the contract.  This response led to a torrent of judicial activity.  TGM initially filed suit in a Florida state court, relying on the Service Agreement's forum selection clause.  One month later, Flambeau initiated its own suit against TGM in a Wisconsin state court, denying that it had ever agreed to the Service Agreement and its forum selection clause.  Flambeau then removed the Florida-state court case to this Court,[2] and TGM removed the Wisconsin-state court case to the United States District Court for the Western District of Wisconsin ("Wisconsin Court").

On December 14, 2015, the Wisconsin Court granted TGM's motion to transfer venue.  It found that the parties had agreed to the Service Agreement and forum selection

---

[2] TGM's suit against Flambeau is pending before the undersigned and styled as *Turbine Generator Maintenance, Inc. v. Flambeau River Papers, LLC*, No. 2:15-cv-478-SPC-MRM (M.D. Fla).

clause, and that Flambeau was bound by the clause. (Doc. #26 at 7). As such, the Wisconsin Court transferred the case to this Court. (Doc. #27). Flambeau now moves this Court to reconsider the Wisconsin Court's decision to transfer venue.

## DISCUSSION

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. Holyfield*, No. 8:08-cv-1101, 2008 WL 2557591, at *1 (M.D. Fla. June 20, 2008). In exercising this discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinarily remedy that is used sparingly. See *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Courts have recognized three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. See *McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). Clearly, "[a] motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also*

*Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

Here, Plaintiff has not demonstrated any ground to justify the Court reconsidering the Wisconsin Court's order. It has shown neither an intervening change in controlling law nor new evidence that has become available. It similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Plaintiff uses this motion to re-litigate issues the Wisconsin Court already considered and rejected. At its core, Plaintiff's motion asks this Court to reassess the Wisconsin Court's decision, meanwhile wholly failing to take into account the reasons why his arguments to the contrary failed. The Court, therefore, stands behind the Wisconsin Court's finding that the parties agreed to the Service Agreement.

Because the Court finds the Service Agreement to control, the forum selection clause therein is unavoidable. The clause unambiguously establishes irrevocable and exclusive jurisdiction in any court of the state of Florida (*i.e.*, a state court in Florida) or in the United States District Court for the Southern District of Florida. Nowhere does the clause reference the United States District Court for the *Middle* District of Florida. In other words, jurisdiction before this Court is not an option under the plain language of the forum selection clause.

TGM tries to overcome this contractual hurdle by explaining that the reference to the Southern District of Florida is an oversight resulting from having a non-lawyer draft the Service Agreement.  But the fact that a non-lawyer wrote the Service Agreement does not excuse TGM from the contract for which it bargained.  TGM cannot have it both ways – it cannot rely on the forum selection clause to force Flambeau to litigate in Florida, but then selectively ignore the clause's plain language to avoid litigating in the Southern District of Florida.  Therefore, the Court declines to rewrite the forum selection clause to best suit TGM's wishes.  See *Beach St. Bikes, Inc. v. Bourgett's Bike Works, Inc.*, 900 So. 2d 697, 701 (Fla. Dist. Ct. App. 2005) (court "lack[s] authority to rewrite [a] contract where its provisions were clear and unambiguous").

Accordingly, the Court transfers this case to the United States District Court for the Southern District of Florida per the forum selection clause in the Service Agreement.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Flambeau River Paper, LLC's Motion for Reconsideration (Doc. #35) is **DENIED**.

(2) The Clerk of Court is directed to **TRANSFER** this case to the **United States District Court for the Southern District of Florida**.  The Clerk shall terminate all deadlines, and pending motions, and close the Fort Myers case file.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record